**FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS**

**JAN 27 2006**

**JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK**

**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION**

CASE NO. 5:06cv00016 WRW/HDY   JURY TRIAL

I. Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: Anthony Nelson
   ADC # 98719

   Address: P.O. Box 400

   Name of plaintiff: _____
   ADC # _____

   Address: _____

   Name of plaintiff: _____
   ADC # _____     This case assigned to District Judge Wilson
                              and to Magistrate Judge Young
   Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: Mr. Tim Moncrief

   Position: Asst. Warden

   Place of employment: Varner Units

   Address: P.O. Box 400; Grady, AR. 71644-0400

   Name of defendant: Mr. Grant Harris

   Position: Sr. Warden

   Place of employment: Varner Units

1

Address: P.O. Box 400; Grady, AR. 71644-0400

Name of defendant: Mr. M. Hutchinson

Position: Sgt.

Place of employment: Varner SuperMax Unit

Address: P.O. Box 400 Grady, AR. 71644-0400

Name of defendant: Mr. Danny Sinclair

Position: LT.

Place of employment: Varner SuperMax Unit

Address: P.O. Box 400 Grady, AR. 71644-0400

II. Are you suing the defendants in:

- ☐ official capacity only
- ☐ personal capacity only
- ☑ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___ No ✓

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: N-A

Defendants: N-A

(Defendants Cond).

~~Address:~~ _____

Name of defendant: Mr. M. Gonder

Position: SGT.

Place of employment: Varner SuperMax Unit

Address: P.O. Box 400, Grady, AR. 71644-0400

Name of defendant: Ms. C. Hubbard

Position: ANP

Place of employment: Varner Units (CMS)

Address: P.O. Box 600 Grady, AR. 71644-0600

II. Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☐ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___ No ___

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

3

(Defendants Cont)

~~Address~~: _____

Name of defendant: Ms. Bauech

Position: Director of Nurse's (DON)

Place of employment: Varner Units CMS

Address: P.O. Box 600, Grady, AR.

Name of defendant: Ms. S. Stratton

Position: CMS Unit Manager

Place of employment: Varner Units (CMS)

Address: P.O. Box 600, Grady, AR. 71644-0600

II. ~~Are you suing the defendants in:~~

☐ ~~official capacity only~~
☐ ~~personal capacity only~~
☐ ~~both official and personal capacity~~

~~III.   Previous lawsuits~~

A   ~~Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?~~

Yes ___   No ___

B.   ~~If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)~~

☐   ~~Parties to the previous lawsuit:~~

Plaintiffs: _____

_____

Defendants: _____

_____

(Defendants Cond).

~~Address:~~ _____

Name of defendant: Mr. Shah

Position: M.D. Doctors

Place of employment: Varner units (CMS)

Address: P.O. Box 600, Grady, AR. 71644-0600

Name of defendant: Ms. Norman

Position: R.N.

Place of employment: Varner units (CMS)

Address: P.O. Box 600, Grady, AR.

II. Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☐ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___ No ___

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

6

  ☐ Court (if federal court, name the district; if state court, name the county): __N-A__

  ☐ Docket Number: __N-A__

  ☐ Name of judge to whom case was assigned: __N-A__

  ☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N-A__

  ☐ Approximate date of filing lawsuit: __N-A__

  ☐ Approximate date of disposition: __N-A__

IV. Place of present confinement: __Varner Super Max Unit__

__P.O. Box 400, Grady, AR. 71644-0400__

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

  ____ in jail and still awaiting trial on pending criminal charges

  __✓__ serving a sentence as a result of a judgment of conviction

  ____ in jail for other reasons (e.g., alleged probation violation, etc.)
    explain: _____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

  A. Did you file a grievance or grievances presenting the facts set forth in this complaint?

    Yes __✓__ No ____

  B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

3

Yes ✓   No ___

If not, why? _____

_____

VII.  Statement of claim

State here (as briefly as possible) the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

(1) Plaintiff brings this 42 U.S.C. §1983 action alleging violations of his rights secured by: (A) United States Constitution Amendments; VIII and XIV; and (B) Arkansas Constitution Article 2, §§ 9, and 21.

(2) Defendants are unconstitutionally subjecting Plaintiff to an imminent danger of serious physical injury or premature death by: (A) systematically depriving Plaintiff of essential medical care that has caused Plaintiff's serious medical condition to continually worsen; and (B) maliciously using life-threatening Pepper mace and other chemical agents in an attempt to suppress Plaintiff's continuing efforts to obtain necessary treatment for his serious medical condition.

(3) Plaintiff medical condition consists of: (A) A severe inner ear infection that causes persistent swelling, pain, and bleeding. The infection started in Plaintiff's right ear in March 2005 and

4

has since spread to encompass both the right and left ears and Plaintiff's throat.

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(1) That the court exercise supplemental jurisdiction over Plaintiff's state law claims under the Arkansas Civil Rights Act (Ark. Code Ann. §16-103-105. Pursuant to 28 U.S.C. § 1367(a)

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 8th day of January, 2006.

*[signature: Anthony Nelson]*

Signature(s) of plaintiff(s)

## Statement of Claim (Cont.)

The infection is threatening to spread further into Plaintiff's lungs or other organs, endangering Plaintiff's life. (B) Plaintiff has dangerously high levels of blood cholesterol that requires a special diet and medication to prevent Plaintiff from developing coronary heart disease, heart attack, stroke or other life-threatening occurrence. (C) Plaintiff has severe asthma that dangerously restricts his ability to breathe when agitated by exposure to pepper mace or related chemical agents. (D) Plaintiff has physical symptoms, a family history and other factors that strongly indicate that Plaintiff is at high risk of having undiagnosed prostate cancer or a related disease.

(*4) Defendants Moncrief, Harris, Hutchinson, Sinclair and Gonder are employees of the Arkansas Department of Correction ("ADC"). Each defendant was obligated to ensure that Plaintiff's rights were not violated in the manner described in this complaint.

(*5) Defendants Hubbard, Burch, Shake, Norman and Stratton are employees of Correctional Medical Services Inc. ("CMS"). Each defendant was obligated to ensure that Plaintiff's rights were not violated in the manner described in this complaint. CMS is a private corporation under contract with the State of Arkansas to provide medical care for "ADC" inmates.

(*6) Each defendant is sued in both his or her individual and official capacities.

## Statement of Claim (Cont.)

**#7** Defendant Moncrief deliberately and maliciously blocked Plaintiff's attempts to obtain the essential medical care at issue in this complaint/lawsuit. Moncrief intentionally destroyed or neutralized the Informal Resolution (grievances) forms given to him by Plaintiff concerning the relevant treatment. Moncrief encouraged medical staff to deny Plaintiff the treatment needed for his serious medical condition.

**#8** Defendant Hubbard has continually refused to ensure that plaintiff receives the treatment prescribed for his, his inner ear infection and blood cholesterol problem. Defendant Hubbard also has continually refused to provide Plaintiff with proper screening for potential prostate cancer or related disease.

**#9** Defendant Burch has continually refused to provide plaintiff with the medication prescribed by the doctor to treat Plaintiff's severe inner ear infection.

**#10** Defendant Shah has continually refused to ensure that plaintiff receives the medication prescribed to treat plaintiff's severe inner ear infection and infected sores on Plaintiff's scalp.

**#11** Defendant Stratton has continually refused to provide Plaintiff with the medication prescribed by the doctor to treat Plaintiff's severe inner ear infection.

## Statement Of Claim (Cont.)

(#12) Defendant Harris knowingly and maliciously prevented Plaintiff from receiving vital treatment for his severe inner ear infection. Harris refused to order that Plaintiff be escorted to the Prison infirmary as requested by the doctor to receive the prescribed treatment.

(#13) Defendant Hutchinson has repeatedly and maliciously used life-threatening pepper mace and other chemical agents against Plaintiff in an attempt to suppress Plaintiff continuing efforts to obtain vital treatment for Plaintiff's worsening inner ear infection. Hutchinson actions were unnecessary. They violated explicit "ADC" policy and were employed with the specific intent to cause Plaintiff's untimely death or serious physical injury from an asthma attack or other severe reaction to the chemicals.

(#14) Defendant Gonder, in active concert and participation with defendant Hutchinson and others, knowingly and intentionally subjected Plaintiff to the malicious use of life-threatening pepper mace and other chemical agents in an attempt to suppress Plaintiff's continuing efforts to obtain vital treatment for Plaintiff's worsening inner ear infection.

(#15) Defendant Sinclair knowing and intentionally authorized and encouraged the malicious and unnecessary use of

## Statement of Claim (Cond)

life-threatening Pepper mace and other chemical agents against Plaintiff by defendants Hutchinson and Gonder in an attempt to suppress Plaintiff's continuing efforts to obtain vital treatment for Plaintiffs worsening inner ear infection and sores on Plaintiffs scalp.

#16) Defendant Norman refuse to provide Plaintiff with medical care needed to neutralize the effects of the life-threatening Pepper mace and other chemicals used against Plaintiff by defendants Hutchinson, Gonder and Sinclair.

#17) All of the defendant's acted deliberately, intentionally, and maliciously regarding all of the actions charged against them in this complaint.

#18) As a result of defendants actions, Plaintiff has been and continues to be deprived of the treatment needed for his serious medical condition. Plaintiff's physical condition continues to deteriorate unabated. Plaintiff's life also continues to be jeopardized by the continuing threatened use of deadly chemical agents by defendants attempting to suppress Plaintiff's efforts to obtain the necessary medical treatment.

#19) As a result of defendants actions, Plaintiff has and continues to suffer severe physical pain, degenerated physical health and mental anguish.

## Statement of Claim (Cond)

(#20) Plaintiff's exhausted his administrative remedies concerning the claims in this complaint, as required by 42 U.S.C. § 1997 e(a) by completing the following inmate Grievances: * VSM-05-0645, VSM-05-0646, VSM-05-0648, VSM-05-1025, VSM-05-1049, VSM-05-1263, VSM-05-1422, VSM-05-1477, VSM-05-1478, VSM-05-1479, VSM-05-1881, VSM-05-1882 and VSM-05-1979

(#21) IN accordance with the decision of the U.S. EIGHTH Circuit Court of Appeals in Nerness V. Johnson, 401 F. 3d 874, 876 (8th Cir. 2005) (Per curiam), Plaintiff did not include copies of the above mentioned grievances with this Complaint. The relevant grievances are identified by number to facilitate any affirmative defense defendants may wish to plead or prove regarding the PLRA's Exhaustion requirement 401 F. 3d at 876.

### Relief

(#2) that the court appoint an appropriate expert witness to assess and attest to the impropriety of the medical treatment rendered by defendants at issue herein.

(#3) That the court appoint competent Counsel to represent in this case.

(#4) Trial by Jury

(#5) Appropriate declaratory and injunctive Relief.

## Relief (cond)

(#6) Compensatory Damages in the amount of $75,000.00 from each defendant.

(#7) Punitive Damages in the amount of $75,000.00 from each defendant.

(#8) Nominal Damages from each defendant.

(#9) Reimbursement for all costs of this litigation.

(#10) Such other and further relief as may be appropriate.

I declare under penalty of perjury (18 U.S.C. §1621) that the foregoing is true and correct.

— Anthony Nelson

State of Arkansas
County of Lincoln
Subscribed and Sworn to before me, a notary on this 8th day of January, 20 06

Signature of Notary — Marilyn Celue

My commission expires: 2-10-2014